IN THE CIRCUIT COURT OF MARYLAND
FOR MONTGOMERY COUNTY

| | |
|---|---|
| RICHARD BARBAGALLO<br>24037 GLADE VALLEY TERRACE<br>DAMASCUS, MD 20872<br>(Montgomery County)<br><br>        Plaintiff,<br><br>        v.<br><br>NIAGRA CREDIT SOLUTIONS, INC.<br>420 LAWRENCE BELL DRIVE<br>SUITE #2<br>WILLIAMSVILLE, NY 14221-7820<br>Serve On:   State Department of Assessment<br>                and Taxation<br>                Corporate Charter Division<br>                301 W. Preston Street, Room #801<br>                Baltimore, MD 21201<br><br>Serve On:   The Corporation Trust Incorporated<br>                351 West Camden Street<br>                Baltimore, MD 21201<br><br>NISSAN MOTOR ACCEPTANCE CORPORATION<br>18455 S. FIGUEROA<br>CARSON, CA 90248<br>Serve On:   CSC-Lawyers Incorporating Service<br>                Company<br>                7 St. Paul Street, Suite 1660<br>                Baltimore, MD 21202<br><br>        Defendants. | JURY TRIAL DEMANDED<br><br><br><br><br><br>Case No. _____ |

## COMPLAINT AND PRAYER FOR JURY TRIAL

Plaintiff Richard Barbagallo ("Barbagallo"), by and through his attorney Cory L. Zajdel of Z LAW, LLC, sues Niagara Credit Solutions, Inc. ("Niagara Credit") and Nissan Motor Acceptance Corporation ("Nissan Motor"), and states:

## I. INTRODUCTION

1. This Complaint is filed and these proceedings are instituted under the Maryland Consumer Debt Collection Act, Md. Code Ann., § 14-201 *et seq.* (hereinafter "MCDCA") to recover actual and statutory damages, reasonable attorney's fees and costs of suit due to Defendants' violations all of which occurred within one year from the filing date of this Complaint.

2. The state of Maryland passed the MCDCA, a comprehensive statute to protect individuals from abusive, unfair and harassing debt collection practices.

3. Defendant Niagara is a foreign entity actively participating in collecting debts from consumers located in Maryland.

4. Defendant Niagara services defaulted consumer debt.

5. Defendant Niagara conducts business in Maryland by attempting to collect on consumer debts by contacting Maryland consumers through the United States mail.

6. Defendant Niagara communicates with Maryland consumers while: (a) violating federal and Maryland consumer debt collection statutes; (c) routinely violating the Maryland Consumer Protection Act.

7. The communications from Defendant Niagara to Plaintiff were generally contradictory, inaccurate and misleading.

## II. PARTIES

8. Plaintiff Richard Barbagallo is a natural person currently residing at 24037 Glade Valley Terrace, Damascus, Maryland 20872 (Montgomery County), is a "consumer" as that term is defined by Md. Code Ann., Comm. Law § 13-101 and took part in a "consumer transaction" as that term is defined by MCDCA, § 14-201(c).

9. Defendant Niagara Credit Solutions, Inc. is a corporation formed under the laws of the state of New York with a business address of 420 Lawrence Bell Drive, Suite #2, Williamsville, NY 14221-7820.

10. At all times relevant to this Complaint, Defendant Niagara transacted business in the District of Maryland and at other locations throughout Maryland, operating as a collection agency and as a "collector" and "person" as those terms are defined by MCDCA, § 14-201(b) and (d).

11. Defendant Nissan Motor Acceptance Corporation is a corporation formed under the laws of the state of California with a business address of 18455 S. Figueroa, Carson, California 90248.

12. At all times relevant to this Complaint, Defendant Nissan Motor Acceptance Corporation transacted business in the District of Maryland and at other locations throughout Maryland and filed collection lawsuits in Maryland state courts to collect on deficiency balances after repossession. Nissan Motor Acceptance Corporation operates as a collection agency and as a "collector" and "person" as those terms are defined by MCDCA, § 14-201(b) and (d).

## III. JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 1-501.

14. This Court has personal jurisdiction over Defendant Niagara because Niagara systematically and continually transacts business in Maryland and the case arises out of a transaction within Maryland.

15. This Court has personal jurisdiction over Defendant Nissan Motor Acceptance Corporation because NMAC systematically and continually transacts business in Maryland, this

case arises out of a transaction within Maryland and NMAC filed a collection lawsuit against Plaintiff in Maryland state court.

16. Venue is proper because Defendants transact business within this County and the conduct complained of occurred in the County.

## IV. FACTUAL ALLEGATIONS

17. On or about December 30, 2006, Barbagallo purchased a 2006 Nissan Altima in Maryland.

18. As part of the purchase, Barbagallo entered into a Retail Installment Sale Contract ("RISC") that provided financing for the purchase from Nissan Motor Acceptance Corporation at a stated simple annual rate of 12.34%.

19. As part of the RISC, Nissan Motor Acceptance Corporation took a security interest in the 2006 Nissan Altima.

20. The motor vehicle financing was a financial obligation and consumer debt that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by Md. Code Ann., Comm. Law §§ 13-101(d) and 14-201(c).

21. Barbagallo was unable to repay the high interest rate loan from Nissan Motor Acceptance Corporation in a timely manner.

22. On October 14, 2008, Nissan Motor Acceptance Corporation deemed Plaintiff in default under the RISC and repossessed the 2006 Nissan Altima.

23. After selling the 2006 Nissan Altima at auction, Nissan Motor Acceptance Corporation brought a collection action in the District Court of Maryland for Montgomery County docketed as Case Number 0602002826552009 (hereafter "Montgomery County Lawsuit")

against Plaintiff in an attempt to have a judgment entered against Plaintiff for the alleged deficiency amount remaining on the high interest rate RISC.

24. Barbagallo entered his appearance through counsel in the Montgomery County Lawsuit and filed a notice of intention to defend.

25. After exchanging discovery and filing motions attempting to resolve discovery disputes, Nissan Motor Acceptance Corporation voluntarily and on its own accord filed a Notice of Dismissal under Md. Rule 3-506.

26. Subsequent to the voluntary dismissal of the Montgomery County Lawsuit, Nissan Motor Acceptance Corporation hired Defendant Niagara to collect on the alleged debt.

27. Beginning in November 2011, Defendant Niagara began calling Plaintiff Barbagallo in an attempt to collect on the alleged debt.

28. During a telephone conversation in November 2011, Plaintiff Barbagallo notified Defendant Niagara that an attorney represents him with respect to the Nissan Motor Acceptance Corporation alleged debt.

29. Nissan Motor Acceptance Corporation was aware of this representation at all times during which Defendant Niagara was attempting to collect the alleged debt from Plaintiff Barbagallo.

30. Beginning in November 2011, Defendant Niagara began mailing letters to Plaintiff Barbagallo in an attempt to collect on the alleged debt.

31. In January 2011, Defendant Niagara mailed Plaintiff Barbagallo a letter continuing to attempt to collect on the alleged debt.

32. During every communication between Plaintiff and Defendant, Defendant misrepresented that a debt was due and owing to Defendant and misrepresented the amount of the debt.

33. By doing business in Maryland, Defendant Niagara assents to the laws of Maryland and appoints SDAT as its agent for service of process with respect to causes of action arising out of doing business in Maryland.

34. By doing substantial business in Maryland, Defendant Niagara is required to register with the Maryland State Department of Assessment and Taxation.

35. Defendant Niagara was not registered with SDAT while attempting to collect on the alleged debt from Plaintiff.

36. On information and belief, Plaintiff also had his credit record destroyed over this alleged debt.

37. While attempting to collect the alleged debt from Plaintiff, Defendants acted in an abusive, harassing and deceptive manner contrary to the standards of civilized society and the standards employed by others in its industry and in violation of the MCDCA.

38. As a direct and proximate result of Defendants' illegal collection tactics and harassing behavior, Plaintiff has sustained actual damages in the form of expenses in attempting to correct Defendants misguided and illegal collection activities, extreme stress, fear, confusion, anger, humiliation, and embarrassment.

V. **CAUSES OF ACTION**

**COUNT I**
**(MARYLAND CONSUMER DEBT COLLECTION ACT)**

39. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

40. Maryland's Consumer Debt Collection Act, Md. Code Ann., Comm. Law §§ 14-201 *et seq.* ("MCDCA"), states that a "collector" while collecting or attempting to collect a debt may not:

- communicate with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor, § 14-202(6);

- claim, attempt, or threaten to enforce a right with knowledge that the right does not exist, § 14-202(8).

41. As a "collector" and "person" under the MCDCA, § 14-201(b) and (d), Defendants and its agents and employees are prohibited from performing or failing to perform any action described above and from abusing or harassing Plaintiff while collecting or attempting to collect an alleged debt.

42. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the MCDCA, including but not limited to each of the above-cited provisions of the MCDCA, § 14-202.

43. As a result of Defendants' harassing and abusive debt collection practices in violation of the MCDCA, Defendant caused Plaintiff severe emotional distress and mental anguish and embarrassment, including but not limited to severe stress, many sleepless nights, a feeling of hopelessness and headaches.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

- For an order declaring that the Defendants' actions as described above are in violation of the MCDCA;

- for an award of actual and compensatory damages, including an award for emotional distress and mental anguish pursuant to MCDCA, § 14-203;

- for an award of reasonable attorney's fees and costs of litigation pursuant to Maryland's Consumer Protection Act, Md. Code Ann., Comm. Law § 13-408 (*see* 13-301(14)(iii));

- Award pre and post judgment interest;

- Award such other relief this Court deems just and equitable; and

- In a total amount not to exceed $74,999.99.

Respectfully submitted,

Z LAW, LLC

Dated: January 31, 2012

Cory L. Zajdel, Esq.
10811 Red Run Blvd., Ste. 204
Owings Mills, MD 21117
Phone - (443) 213-1977
Email - clz@zlawmaryland.com

Attorney for Plaintiff