IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| RICHARD BARBAGALLO | : |  |
|  | : |  |
| v. | : | Civil Action No. DKC 12-1885 |
|  | : |  |
| NIAGARA CREDIT SOLUTIONS, INC., ET AL. | : |  |

**MEMORANDUM OPINION**

Presently pending and ready for review in this consumer credit case is the motion to compel arbitration filed by Defendant Nissan Motor Acceptance Corporation ("NMAC"). (ECF No. 15). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to compel arbitration will be denied.

**I.   Background**

**A.   Factual Background**

On or around December 30, 2006, Plaintiff Richard Barbagallo purchased a 2006 Nissan Altima. As part of the purchase, he entered into a retail installment sale contract with Defendant NMAC to finance the purchase. (ECF No. 1-2, at 3-4). The contract included an arbitration clause, which states in part:

> Either you or we may choose to have any dispute between us decided by arbitration and not in court or by jury trial . . . .

> You and we retain the right to seek remedies
> in small claims court for disputes or claims
> within that court's jurisdiction . . . .
> Neither you nor we waive the right to
> arbitrate by using self-help remedies or
> filing suit.

(ECF No. 15, at 2).[1]  When Plaintiff was unable to repay the loan in a timely manner, NMAC deemed him in default and repossessed the car.  After it sold the car at auction, NMAC brought a collection action against Plaintiff in the District Court of Maryland for Montgomery County on October 8, 2009, to collect the amount remaining on the loan, approximately $13,665.59. After exchanging discovery and filing discovery-related motions, NMAC voluntarily dismissed the case on March 10, 2010, under Md. Rule 3-506.  NMAC then hired Defendant Niagara Credit Solutions, Inc. ("Niagara") to collect this debt.   In November 2011, Niagara began calling and mailing letters to Plaintiff to collect the debt.   Plaintiff alleges that Defendants' attempts to collect this debt have harmed his credit.

## B.   Procedural Background

In response to Niagara's attempts to collect the debt, Plaintiff filed a complaint in the Circuit Court for Montgomery

---

[1] The content of the sale contract is somewhat unclear. NMAC attaches an illegible copy of the contract to its motion to compel arbitration.  (ECF No. 15-1).  Because neither party disputes the existence of the arbitration clause or the substance of the quoted language, it is included here.

County against NMAC and Niagara on February 3, 2012.[2]  (ECF No. 2).  The original complaint only alleged violations of the Maryland Consumer Debt Collection Act ("MCDCA").  NMAC filed a motion to dismiss on March 29, 2012 (ECF No. 4), which the circuit court denied on April 23 (ECF No. 7).  After discovery commenced, NMAC filed a motion to compel arbitration on May 24, which Plaintiff opposed.  (ECF Nos. 15, 18).  Shortly thereafter, NMAC filed counterclaims against Plaintiff, seeking to recover the underlying debt.  (ECF No. 16).  Plaintiff filed an amended complaint on June 7, adding a claim that Niagara violated the Fair Debt Collection Practices Act ("FDCPA").  (ECF No. 17).  On June 25, before the state court ruled on NMAC's motion to compel arbitration, Niagara removed the case to federal court, based on federal question jurisdiction.  (ECF No. 1).

## II.  Standard of Review

The parties assume that Maryland Uniform Arbitration Act, Md. Code Ann., Cts. & Jud. Proc. § 3-201 *et seq.* (the "MUAA") governs this dispute, and that an enforceable arbitration agreement exists between them.  In cases that involve interstate commerce, however, the Federal Arbitration Act, 9 U.S.C. § 1 *et*

---

[2] Defendant Niagara settled with Plaintiff and was dismissed on November 19, 2012.  (ECF No. 35).

seq. (the "FAA") governs arbitration agreements.[3]   *Rota-McLarty v. Santander Consumer USA, Inc.*, --- F.3d ----, No. 11-1597, 2012 WL 5936033, at *4 (4th Cir. Nov. 28, 2012).   This case clearly involves interstate commerce.

Under the FAA, a written arbitration clause is valid, enforceable, and irrevocable, "except upon grounds that exist at law or in equity for the revocation of a contract."   9 U.S.C. § 2.   The FAA favors the enforcement of arbitration agreements. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002).   A party may forfeit its right to compel arbitration if it "is in default in proceeding with such arbitration."   9 U.S.C. § 3. "[T]he circumstances giving rise to a statutory default are

---

[3] The only claim remaining against NMAC is a state law claim under the MCDCA.   NMAC's motion to compel arbitration was filed in state court, and the parties have not rebriefed the issues, including whether the FAA or MUAA governs this dispute.   Because the case was removed on the basis of Plaintiff's federal question claim as to Niagara, jurisdiction over the state law claim is supplemental, based on 28 U.S.C. § 1367.   The FAA nonetheless governs the waiver/default analysis here, because where the transaction relates to interstate commerce, "waiver of the right to compel arbitration is a rule for arbitration such that the FAA controls."   *Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1270 (9th Cir. 2002); *see also Preston v. Ferrer*, 552 U.S. 346, 349 (2008) (concluding that the FAA, because it is based on Congress's Commerce Clause power, "supplies not simply a procedural framework applicable in federal courts; it also calls for the application, in state as well as federal courts, of federal substantive law regarding arbitration"); *Choice Hotels Int'l, Inc. v. Niteen Hotels (Rochester) LLC*, 103 F.App'x 489, 493 (4th Cir. 2004) (concluding that the MUAA cannot trump the procedural rules for arbitration when agreement requires application of "the substantive laws of Maryland") (citing *Sovak*, 280 F.3d at 1269).

limited and, in light of the federal policy favoring arbitration, are not to be lightly inferred." *Maxum Founds., Inc. v. Salus Corp.*, 779 F.2d 974, 981 (4th Cir. 1985). "The party opposing arbitration 'bears the heavy burden of proving'" default. *MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 250 (4th Cir. 2001) (quoting *Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 95 (4th Cir. 1996)).

A party defaults on its right to compel arbitration under the FAA where it "'so substantially utilize[es] the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay.'" *Forrester v. Penn Lyon Homes, Inc.*, 553 F.3d 340, 343 (4th Cir. 2009) (citations omitted). To meet its burden, the opposing party must have suffered actual prejudice as a result of the moving party's failure to demand arbitration at an earlier stage in the proceedings. *Rota-McLarty*, 2012 WL 5936033, at *7 (citing *MicroStrategy*, 268 F.3d at 249); *Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 817 F.2d 250, 252 (4th Cir. 1987) ("Where a party fails to demand arbitration during pretrial proceedings, and, in the meantime, engages in pretrial activity inconsistent with an intent to arbitrate, the party later opposing a motion to compel arbitration may more easily show that its position has been compromised, *i.e.*, prejudiced.") (internal quotations omitted). Under the FAA, two factors are considered in

analyzing actual prejudice:  "(1) the amount of the delay; and (2) the extent of the moving party's trial-oriented activity." *Rota-McLarty*, 2012 WL 5936033, at *7 (citing *Microstrategy*, 268 F.3d at 249).

### III. Analysis

NMAC contends that, because the sale contract included an arbitration clause pursuant to which the parties agreed to arbitrate disputes arising under the contract, this dispute is improperly before this court.[4]  Plaintiff argues that NMAC's history of litigating the dispute over Plaintiff's debt under the contract demonstrates that NMAC has waived its right to arbitrate. (ECF No. 18).  NMAC neither argues that it did not default on its right to arbitrate, nor contests the facts underlying Plaintiff's argument.

### A.   Length of Delay

The first factor in the prejudice analysis examines the length of the delay from the beginning of litigation to the time that the moving party asserts its right to arbitrate.  NMAC

---

[4] The presence of a "no-waiver" clause in the contract, which states, "Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit," (ECF No. 15, at 2), does not override the ordinary analysis used to determine whether NMAC has defaulted on its right to arbitrate. *See Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 452 (3[d] Cir. 2011) (citing *S & R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80, 86 (2[d] Cir. 1998)).

filed suit against Plaintiff in Montgomery County Circuit Court on October 8, 2009.  It filed its motion to compel arbitration on May 25, 2012.  This delay of nearly three years, *i.e.* thirty-two months, tips the balance in favor of finding that Plaintiff suffered actual prejudice.  *See, e.g.*, *Forrester*, 553 F.3d at 343-44 (default proper where party sought arbitration after litigation began more than two years prior); *Fraser*, 817 F.2d at 252-53 (same, with four-year delay).

Plaintiff, however, does not offer any evidence that he was prejudiced by the length of the delay, in and of itself.  *Rota-McLarty*, 2012 WL 5936033, at *7 (no actual prejudice where no evidence is offered that non-moving party was "prejudiced by the length of the delay itself").  Without more, there cannot be a finding of actual prejudice on the basis of the delay alone. *Fraser*, 817 F.2d at 252 ("Neither delay nor the filing of pleadings by the party seeking a stay will suffice, without more, to establish waiver of arbitration.") (citing *Carolina Throwing Co. v. S & E Novelty Corp.*, 442 F.2d 329 (4th Cir. 1971)).

## B.    Extent of Trial-Oriented Activity

The second factor in the prejudice inquiry examines the nature and extent of NMAC's litigation activities.  "'To permit litigants to participate fully in discovery, make motions going to the merits of their opponent's claims, and delay assertion of

a contractual right to compel arbitration until the eve of trial defeats one of the reasons behind the federal policy favoring arbitration.'" *Forrester*, 553 F.3d at 343 (quoting *ComTech Assocs. V. Computer Assocs. Int'l, Inc.*, 938 F.2d 1574, 1577 (2$^{d}$ Cir. 1991)). Before filing its motion to compel arbitration, NMAC "utilized the litigation machinery" in a number of important ways, in two lawsuits: (1) it filed suit against Plaintiff in 2009 regarding the debt owed on the sale contract; (2) it sought discovery and disputed Plaintiff's requests in that suit; (3) after voluntarily dismissing its 2009 case, it filed a motion to dismiss in state court on Plaintiff's current suit, which it argued at a hearing and lost; and (4) it again engaged in and disputed discovery with Plaintiff. Taken as a whole, these activities support a finding of actual prejudice to Plaintiff and, therefore, a finding that NMAC is in default on its rights under the FAA.

First, the suit that NMAC brought in state court supports a finding of prejudice, because it was based on essentially the same legal and factual issues currently disputed: it sought to recover the underlying debt on the contract. This fact tends toward a finding of default. *See MicroStrategy*, 268 F.3d at 250 (no default when the party seeking arbitration previously initiated litigation on legally and factually distinct claims from those for which arbitration was sought) (citing *Doctor's*

*Assocs., Inc. v. Distajo*, 107 F.3d 126, 133 (2[d] Cir. 1997) ("[O]nly prior litigation of the same legal and factual issues as those the party now wants to arbitrate results in [default on] the right to arbitrate.")).

Second, NMAC's filing and arguing of a motion to dismiss on the merits of Plaintiff's claim also tilts the balance in favor of a finding of prejudice.  The Fourth Circuit has held "that a party suffered actual prejudice because it was forced to respond to a number of potentially damaging motions" including motions to dismiss.  *Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577, 587 (4th Cir. 2012) (citing *Fraser*, 817 F.2d at 252) (finding no actual prejudice, because, *inter alia*, the motion did not request relief on the merits); *see also Rota-McLarty*, 2012 WL 5936033, at *8 n. 15 ("Whether a party was required to respond to dispositive motions [on the merits] may factor into our prejudice analysis").  NMAC filed a dispositive motion to dismiss on the merits of Plaintiff's claim, to which Plaintiff responded.  (ECF Nos. 4-5).  The circuit court held a hearing on the motion and ultimately denied NMAC's motion to dismiss.  (ECF No. 7).  While responding to and prevailing on a dispositive motion on the merits is not necessarily dispositive of the prejudice question, it also strongly leans in favor of a finding of actual prejudice.  *See Hasco, Inc. v. Schuyler, Roche & Zwirner*, No. 97-2618, 1998 WL

957454, at *2 (4th Cir. Sept. 22, 1998) ("The actual prejudice required to support a finding of [default] 'can be substantive prejudice to the legal position of the party opposing arbitration.'") (citing *Distajo*, 107 F.3d at 131 (noting that a finding of default may be supported by substantive prejudice resulting "when the party seeking arbitration loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration")).

By contrast, NMAC's participation in discovery does not support actual prejudice because the parties never moved beyond written discovery. *Patten Grading & Paving, Inc. v. Skanska USA Bldg., Inc.*, 380 F.3d 200, 206 (4th Cir. 2004) (rejecting the argument that prejudice arose from discovery when, at the time the motion to compel arbitration was filed, "the parties' discovery efforts were confined to the exchange of interrogatories and requests for production of documents; significantly, the parties had not noticed depositions").

On balance, NMAC's trial-oriented activities – filing suit against Plaintiff, actively participating in not one, but two lawsuits on the contract, and filing and losing a motion to dismiss on the merits of Plaintiff's claims – support a finding of prejudice.  Taken together with NMAC's three-year delay in asserting its right to arbitrate, the evidence demonstrates that

Plaintiff suffered actual prejudice.  Therefore, NMAC defaulted on its right to enforce the arbitration clause under the FAA.

Even if the MUAA applied here, the result would not change. Maryland courts have affirmed that the MUAA is to be construed in accord with the FAA.  *See Thompson v. Witherspoon*, 197 Md.App. 69, 80 (2011) (noting that "the MUAA and the FAA were adopted to achieve the same goals . . . when construing the MUAA, Maryland courts look to federal decisions interpreting the FAA") (internal citations omitted).  Although the principle of "default" under the FAA is similar to that of "waiver" under the MUAA, the circumstances giving rise to default under the FAA are more limited than Maryland's waiver doctrine.  *See Rota-McLarty*, 2012 WL 5936033, at *7. The factors that Maryland courts weigh in determining waiver of an arbitration right under the MUAA are analogous to those outlined by the Fourth Circuit in determining default.  *See Abramson v. Wildman*, 184 Md.App. 189, 200-01 (2009) (considering delay, prejudice to non-moving party, and the extent to which the moving party participated in litigation to determine whether right to arbitration was waived).[5]

---

[5] NMAC alternatively argues that, by virtue of the arbitration clause, Plaintiff has waived his right to a jury trial.  In stating that "either you or we may choose to have any dispute between us decided by arbitration and not in court or by jury trial," the arbitration clause merely explains what the parties would be giving up *if* they arbitrate.  (ECF No. 15, at

## IV. Conclusion

For the foregoing reasons, the motion to compel arbitration filed by Defendant NMAC will be denied. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

2). This language does not constitute a waiver of Plaintiff's right to a jury trial.