IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD BARBAGALLO            :

   v.                         :  Civil Action No. DKC 12-1885

NIAGARA CREDIT SOLUTIONS, INC.,
et al.                        :

**MEMORANDUM OPINION**

Presently pending and ready for review in this consumer debt collection case is the motion for judgment on the pleadings or, in the alternative, for partial summary judgment filed by Defendant Nissan Motor Acceptance Corporation ("NMAC"), (ECF No. 46) and two motions for voluntary dismissal filed by Plaintiff Richard Barbagallo (ECF Nos. 47 & 52). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the second motion for voluntary dismissal will be granted. The first motion for voluntary dismissal and the motion for judgment on the pleadings or, in the alternative, for partial summary judgment will be denied as moot.

**I. Background**

   **A. Factual Background**

On December 30, 2006, Plaintiff Richard Barbagallo purchased a 2006 Nissan Altima. (ECF No. 17, at 3). At the time of purchase, he entered into a retail installment sale

contract with Defendant NMAC to finance the purchase. (ECF No. 1-2, at 3-4). Plaintiff defaulted on the agreement by failing to keep current on his payments, and the Altima was repossessed. (ECF No. 17, at 4). After selling the Altima at auction, NMAC filed a lawsuit against Plaintiff for the amount remaining on the loan, approximately $13,665.59, in the District Court of Maryland on October 8, 2009. (*Id.* at 4). On March 10, 2010, NMAC voluntarily dismissed the deficiency lawsuit, without prejudice, under Md. Rule 3-506. (*Id.* at 4). NMAC then hired Niagara Credit Solutions, Inc. ("Niagara") to collect this debt. (*Id.* at 5). In November 2011, Niagara began calling and mailing letters to Plaintiff to collect the debt. (*Id.* at 5).

**B.  Procedural Background**

In response to Niagara's attempts to collect the debt, Plaintiff filed a complaint in the Circuit Court for Montgomery County, Maryland against NMAC and Niagara on February 3, 2012. (ECF No. 2). The original complaint alleged violations of the Maryland Consumer Debt Collection Act ("MCDCA") by Niagara and NMAC. NMAC filed counterclaims against Plaintiff for breach of contract and unjust enrichment, seeking to recover the underlying debt. (ECF No. 16). Plaintiff filed an amended complaint on June 7, adding a claim that Niagara violated the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 17).

On June 25, Niagara removed the case to federal court, based on federal question jurisdiction. (ECF No. 1). Niagara settled with Plaintiff and was dismissed on November 19, 2012. (ECF Nos. 34 & 35). Defendant NMAC had filed a motion to compel arbitration in state court, seeking to enforce an arbitration clause in the retail installment sale contract. (ECF No. 15). The motion to compel arbitration was denied on December 4, 2012. (ECF No. 38). On April 3, 2013, Defendant NMAC filed a motion for judgment on the pleadings or, in the alternative, for partial summary judgment. (ECF No. 46). Plaintiff opposed this motion (ECF No. 48), and Defendant replied (ECF No. 50). On April 23, Plaintiff filed a motion for voluntary dismissal. (ECF No. 47). Defendant filed its opposition on May 10. (ECF No. 49). Plaintiff's claims against NMAC are based solely on a theory of vicarious liability. Plaintiff does not allege NMAC directly violated the MCDCA.

**II. Analysis**

Federal Rule of Civil Procedure 41(a)(2) provides that, after an answer has been filed, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). The "purpose" of the rule is "freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). Because Plaintiff seeks

3

voluntary dismissal of his claim against NMAC with prejudice, Defendant will not be unfairly prejudiced by a grant of dismissal.

### III. Conclusion

For the foregoing reasons, the motion for voluntary dismissal filed by Defendant Richard Barbagallo will be granted. The motion for judgment on the pleadings or, in the alternative, for partial summary judgment filed by Defendant NMAC will be denied as moot. A separate Order will follow.

                                    /s/
                        DEBORAH K. CHASANOW
                        United States District Judge